IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:10-CV-758-L** |
| | § | |
| **BYRON JONES**, *and all occupants of* | § | |
| *1228 Summerside Drive, Desoto, TX 75115,* | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiff Wells Fargo Bank's Motion to Remand, filed July 16, 2010. Defendant Byron Jones ("Jones"), proceeding *pro se*, filed no response to the motion. After carefully reviewing the motion, brief, appendix, record, and applicable law, the court **grants** Plaintiff Wells Fargo Bank's Motion to Remand.

This action arises out of a foreclosure sale of real property held by Jones and located at 1228 Summerside Drive in Desoto, Texas (the "Property"). Plaintiff Wells Fargo Bank ("Plaintiff") purchased the Property on January 5, 2010. On February 5, 2010, Plaintiff sued Jones for Forcible Entry and Detainer in the Justice of the Peace Court of Dallas County, Texas, Precinct 4, Place 2. Pl.'s App. 4-7. Jones was served, *id.* at 18, but did not file an answer or otherwise appear in opposition to the lawsuit. On February 22, 2010, the justice of the peace court entered a default judgment granting Plaintiff possession of the Property. *Id.* at 19-20. On February 26, 2010, Jones filed a Pauper's Affidavit and Notice of Appeal with the justice of the peace court. *See id.* at 21-23. The appeal of the justice of the peace court's default judgment was pending before County Court

at Law Number 2, Dallas County, Texas (with an April 15, 2010 trial date) when Jones filed his notice of removal to this court on April 14, 2010.

In his April 14, 2010 notice of removal, Jones states that jurisdiction is proper under 28 U.S.C. § 1331, because Plaintiff's claims present a federal question; under 28 U.S.C. § 1332, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs; and under 28 U.S.C. § 1367, because Plaintiff's claims are so related to other claims in this action over which the court has original jurisdiction that they form part of the same case or controversy. Jones further states that his removal is timely filed because he was not served with Plaintiff's Original Petition for Forcible Entry and Detainer in the county court at law until March 18, 2010, which is within thirty days of his April 14, 2010 notice of removal.

The court disagrees with Jones's purported showing of federal jurisdiction for several reasons. He makes a conclusory statement that Plaintiff's claims present a federal question but provides no federal statutory or legal authority forming the essence of Plaintiff's lawsuit. As far as the court can glean from the record, Plaintiff's claim against Jones arises under the Texas Property Code concerning a forcible eviction of Jones from real property that Plaintiff purchased. The removing party bears the burden of showing that federal jurisdiction exists. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). Jones has failed to satisfy this burden under 28 U.S.C. § 1331.

Jones has also failed to establish diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. He simply states that the parties are citizens of different states and wholly fails to address Plaintiff's status as a corporation. Jones does not identify

Plaintiff's corporate headquarters or principal place of business and has once again fallen short of his burden to show that federal jurisdiction exists. *See Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."). Failure to adequately allege the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

With respect to the amount in controversy, Jones contends that it exceeds $75,000 because the value of the Property exceeds $75,000. As noted by Plaintiff, however, the amount in controversy in this case is not the value of the Property itself, but rather the value of the right to *occupy* the Property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd*,191 U.S. 559 (1903)). Plaintiff contends that this amount is substantially less than the Property value and has not included a monetary value in its request for relief. Moreover, a removing defendant "must produce evidence that establishes that the actual amount of the plaintiff's claim will exceed [$75,000]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Jones has provided no evidence establishing the Property's rental value. Further, even if the court accepts Jones's contention that the amount in controversy is equal to the value of the Property itself, there is still insufficient evidence from Jones demonstrating its value. The court accordingly determines that Jones has failed to satisfy his burden and has failed to show that federal jurisdiction exists under 28 U.S.C. § 1332.[*]

---

[*]Having determined that there is no basis for original jurisdiction in this case under 28 U.S.C. §§ 1331 and 1332, the court concludes that jurisdiction over any supplemental claims invoked pursuant to 28 U.S.C. § 1367 necessarily fails.

Finally, even if the court assumes that federal jurisdiction exists, the court expressly rejects Jones's contention that his notice of removal was timely filed. The appendix provided by Plaintiff establishes that this case originated on February 5, 2010, in the justice of the peace court, not the county court at law. The Return of Service makes clear that Jones was personally served with notice of the proceeding in the justice of the peace court on February 16, 2010. Pl.'s App. 18. Even if Jones disputes that he was personally served, his filing of Pauper's Affidavit and Notice of Appeal with the justice of the peace court on February 26, 2010, *see id.* at 21-23, conclusively establishes that he had notice of Plaintiff's claims in this lawsuit by that date. As Jones's April 14, 2010 notice of removal was filed more than thirty days from both of these dates, his contention that removal was timely is meritless.

For the reasons stated herein, the court **grants** Plaintiff Wells Fargo Bank's Motion to Remand. This case is **remanded** to the County Court at Law Number 2, Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 19th day of August, 2010.

Sam A. Lindsay
United States District Judge